**George S. Pitcher, OSB No. 963982**
George.Pitcher@lewisbrisbois.com
**Dmitriy S. Golosinskiy, OSB No. 173568**
Dmitriy.Golosinskiy@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Facsimile: 971.712.2801

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **ROBERT ROSENBERG, an individual, Plaintiff / Class Representative,**<br><br>Plaintiff,<br><br>vs.<br><br>**HORIZON REALTY ADVISORS LLC, a Washington limited liability company, and HRA STADIUM PARK LLC, a Washington limited liability company,**<br><br>Defendants. | Case No. 6:22-cv-00278<br><br>**DEFENDANTS HORIZON REALTY ADVISORS LLC AND HRA STADIUM PARK LLC'S NOTICE OF REMOVAL**<br><br>(Lane County Circuit Court Case No. 21CV45684) |

TO: The Judges and Clerk of the United States District Court for the District of Oregon

Pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1441, 1446, 1453, and 1711, Defendants Horizon Realty Advisors LLC and HRA Stadium Park LLC ("Defendants"), hereby file this Notice of Removal of Civil Action, removing the above-captioned action from the Circuit Court of the State of Oregon for the County of Lane, in

4855-5842-5611.1
NOTICE OF REMOVAL
Page 1

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

which it is pending, to the United States District Court for the District of Oregon. A true and correct copy of this notice will be filed contemporaneously with the Clerk of the Circuit Court for the State of Oregon, County of Lane, and notice of the removal will be provided to counsel of record for Plaintiff. This Notice of Removal is supported by the Declaration of Drew Geiger.

In support of removal, Defendants state as follows:

## I. BACKGROUND

1. This suit is based on alleged violations of the Oregon Residential Landlord and Tenant Act. Plaintiff Robert Rosenberg filed a putative Class Action Complaint in the Circuit Court of the State of Oregon for the County of Lane, docketed at Case No. 21CV45684 ("State Court Action"). The Complaint names Defendants Horizon Realty Advisors LLC and HRA Stadium Park LLC. ("Defendants"). Plaintiff alleges that HRA Stadium Park LLC owns, and Horizon Realty Advisors LLC manages, the following (6) apartment complexes:

    a. Stadium Park Apartments, in Eugene, Oregon;

    b. Chase Courtyard, in Eugene, Oregon;

    c. Chase Village Student Housing, in Eugene, Oregon;

    d. Forest Hills, in Eugene, Oregon;

    e. The Flats at [Chase], in Eugene, Oregon; and

    f. Grand Oaks, in Corvallis, Oregon.

First Amended Class Action Allegation Complaint ("*Amended Complaint*"), ¶¶ 4-7, attached as Exhibit 1.

2. Plaintiff alleges that he is an individual residing in Oregon during the time he was affected by the conduct at issue, which is alleged to be from April 2019 to the present.

4855-5842-5611.1
NOTICE OF REMOVAL
Page 2

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

*Amended Complaint* ¶¶ 4, 14. According to the complaint, Plaintiff has been a tenant at Stadium Park Apartments during the "entire Class Period." *Id*. at ¶ 4.

3. Plaintiff alleges that during his time at Stadium Park Apartments, from April 2019 to the present, Defendants violated various statutory provisions pertaining to utility charges, including 90.315(4)(b)(A) [failing to provide written bill from utility provider or make available for inspection within 30 days]; ORS 90.315(4)(b)(B)(i) [failing to explain manner in which the utility provider assessed charges in the rental agreement or in any bills]; ORS 90.315(4)(B)(ii) [failing to explain the manner in which utility charges were allocated among multiple tenants]; and ORS 90.315(4)(c) [including more than the cost of utility or service billed by the utility provider to the landlord]. *Id*. at ¶¶ 12-14.

4. Plaintiff further alleges that Defendants included various provisions in the rental agreement that are in violation of certain statutory provisions, including ORS 90.220(9)(a) [improper application of tenants' payments]; ORS 90.222(2)(a) [requiring tenants to pay for liability insurance without providing a summary of exceptions]; ORS 90.222 and ORS 90.302 [charge of $50 fine for tenant's failure to comply with liability insurance policy]; ORS 90.302 [charge of $200 per day holdover fee for tenants]; and ORS 90.302 and 90.300 [charging one hour of cleaning time, regardless of whether any cleaning time was necessary]. *Id*. at ¶ 11.

5. Plaintiff brings this action as a putative class action consisting of "any tenant who, as a part of a rental agreement at any property within the state of Oregon managed by Defendant Horizon LLC, including, but not limited to those listed in Paragraphs 7 was required to pay a utility charge(s), but for which charge(s) Defendant Horizon LLC committed

4855-5842-5611.1
NOTICE OF REMOVAL
Page 3

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

some or all of the same acts and/or omissions detailed in Paragraph 12 of this Complaint." *Id*. at ¶ 15. Plaintiff alleges that the proposed class "consists of over 2,000 members." *Id*. at ¶ 18.

6. Plaintiff's original complaint was filed on November 26, 2021. Class Action Allegation Complaint (Injunctive Relief Only) ("*Original Complaint*"), attached as Exhibit 2. The original complaint sought only injunctive relief and did not seek any damages.

7. Plaintiff's amended complaint was filed on January 20, 2022. *See Amended Complaint*. Unlike the original complaint, the amended complaint seeks monetary damages, for Plaintiff and all class members, in the amount of "One month's periodic rent for each and every month that the Defendants charged a utility service charge but violated ORS 90.315(4)(b)."

8. As required under 28 U.S.C. § 1446(a), a copy of all processes, pleadings, and orders served on the Removing Defendants in the underlying state court action and the register of actions in the state court action are attached as Exhibits 1-8. No further proceedings or filings have occurred in the underlying state court action since the date of filing of notice of removal.

9. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Lane County, Oregon.

10. No previous requests have been made for the relief requested.

11. As set out more fully below, jurisdiction over this case is proper under the Class Action Fairness Act of 2005 ("CAFA").

## II. STATEMENT OF JURISDICTION

12. This Court has original jurisdiction over this action under CAFA, which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class

4855-5842-5611.1
NOTICE OF REMOVAL
Page 4

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. This case meets all of CAFA's requirements for removal and is timely and properly removed by filing this Notice of Removal.

13.     CAFA applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative "class action" under CAFA because it was brought under a state statute or rule, namely Rule 32 of the Oregon Rules of Civil Procedure, authorizing an action to be brought by one or more representative persons as a class action. *Amended Complaint*, ¶¶ 1, 15-25. See 28 U.S.C. § 1332(d)(1)(B).

14.     CAFA permits any defendant to unilaterally remove the action absent the consent of all defendants if the requirements of CAFA for removal are met, as they are here. 28 U.S.C. §1453(b) (CAFA action may be removed "by any defendant without the consent of all defendants."). Nevertheless, both Defendants agree and seek to remove this action.

### III.  VENUE

15.     The United States District Court for the District of Oregon, Eugene Division is the federal judicial district and division in which the Circuit Court of Lane County sits. This action was originally filed in the Circuit Court of Lane County, rendering venue in this federal judicial district and division proper. See 28 U.S.C. §§ 117, 1441(a).

/ / /

/ / /

4855-5842-5611.1
NOTICE OF REMOVAL
Page 5

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

## IV. TIMELINESS OF REMOVAL

16. Under CAFA, a defendant may remove within thirty days of receipt of the initial pleading; or, if the initial pleading is not removable under CAFA, then within thirty days of receipt of a document from the plaintiff from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. §§ 1446(b)(1) and (b)(3).

17. As discussed above, Plaintiff filed an original complaint on November 26, 2021. *Original Complaint*. The original complaint did not seek damages and sought only injunctive relief. *Id* at ¶¶ 26-30. The original complaint was not removable under CAFA.

18. On January 20, 2022, Plaintiff filed and sent Defendants' counsel a copy of the amended complaint. *Amended Complaint*. Unlike the original complaint, the amended complaint seeks monetary damages, and meets the CAFA removal requirements, as summarized herein. ¶¶ 31-32.

19. Removal is timely because this Notice of Removal has been filed within thirty days of the filing of the amended complaint (January 20, 2022). See Fed. R. Civ. P. 6(a)(1)(C); 28 U.S.C. § 1446(b).

## V. CAFA JURISDICTION

20. CAFA grants federal district courts original jurisdiction over a civil class action lawsuit filed under federal or state law: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a state different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. See 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions under 28 U.S.C. § 1446.

4855-5842-5611.1
NOTICE OF REMOVAL
Page 6

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

21. CAFA's "provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547 (2014) (quoting S. Rep. No. 109-14, p. 43 (2005)). "Congress, by borrowing the familiar short and plain statement standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules [to removal allegations] that are applied to other matters of pleading." *Id*. at 87. (citing H. R. Rep. No. 100-889, p. 71) (internal citations omitted). Because "no antiremoval presumption attends cases invoking CAFA," courts should be especially reluctant to *sua sponte* challenge a defendant's allegations of citizenship. *Ehrman v. Cox Communs., Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019) (internal citations omitted) (citing *Dart Cherokee*, 574 U.S. at 89).

22. This case meets each CAFA requirement for removal, and is timely and properly removed by filing this Notice.

A. **The Proposed Class Contains At Least 100 Members**.

23. 28 U.S.C. § 1332(d)(5)(B) sets forth that CAFA does not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in this case.

24. Plaintiff notes that "On information and belief, the proposed Class consists of over 2,000 members." *Amended Complaint*, ¶ 18. Plaintiff seeks to represent a class consisting of "any tenant who, as a part of a rental agreement at any property within the state of Oregon managed by Defendant Horizon LLC including, but not limited to those listed in Paragraphs 7 was required to pay a utility charge(s), but for which charge(s) Defendant Horizon LLC committed some or all of the same acts and/or omissions detailed in Paragraph 12 of this

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Complaint." *Amended Complaint*, ¶ 15. The amended complaint lists six (6) apartment complexes that Plaintiff alleges were managed by Defendants. *Id*. at 7.

**B. No Primary Defendants Are Governmental Entities.**

25. Under 28 U.S.C. §1332(d)(5)(B), CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

26. HRA Stadium Park LLC is not a State, State official, or other governmental entity. Horizon Realty Advisors LLC is not a State, State official, or other governmental entity. As discussed below, both are private entities, and more specifically, limited liability companies organized under the laws of the State of Washington.

**C. There Is Diversity Between Plaintiff and Defendants.**

27. CAFA's minimal diversity requirement is satisfied when "***any member*** of a class of plaintiffs is a citizen of a State different from ***any defendant***." 28 U.S.C. §§ 1332(d)(2)(A) (emphasis added), 1453(a); *Broadway Grill, Inc. v. Visa Inc*., 856 F.3d 1274, 1276 (9th Cir. 2017) (citing 28 U.S.C. §) 1332(d)(2)(A)). Citizenship of the class members is determined at the date of filing, or if the initial pleading is not subject to removal, then the date the amended complaint (subject to removal) is filed. 28 USC § 1332(d)(7). Minimal diversity of citizenship exists here because Plaintiff and Defendants are citizens of different states.

28. For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd*., 704 F.2d 1088 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co*., 265 F.3d 853, 857 (9th Cir. 2001).

4855-5842-5611.1
NOTICE OF REMOVAL
Page 8

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

29. In this case, according to the amended complaint, Plaintiff alleges that he resided in Oregon during the time he was affected by the conduct at issue, which is alleged to be from April 2019 to the present. *Amended Complaint* ¶¶ 4, 14. According to the complaint, Plaintiff has been a tenant at Stadium Park Apartments during the "entire Class Period." *Id.* at ¶ 4. Plaintiff further alleges that the proposed class members "are or were citizens and residents of the state of Oregon at the time of the acts and conduct at issue." *Id.* at ¶ 2. Accordingly, Defendants have established by a preponderance of the evidence that Plaintiff is a citizen of Oregon.

30. In the context of traditional diversity, the citizenship of a limited liability company is the citizenship of all of its members. *See Johnson v. Columbia Properties Anchorage, LP,* 437 F.3d 894, 899 (9th Cir. 2006). However, in the context of CAFA, a limited liability company is classified as an unincorporated association under § 1332(d)(10). *See Jack v. Ring LLC*, 2021 U.S. Dist. LEXIS 150135, *7-8 (N.D. Cal. Aug. 10, 2021); See generally *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032, & n.13 (9th Cir. 2009) (Kleinfeld, J., concurring) ("CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes . . ."); see also *Abrego v. Dow Chem. Co*, 443 F.3d 676, 684 (9th Cir. 2006) (noting that CAFA "departs from the rule that frequently destroys diversity jurisdiction, that a limited partnership's or unincorporated association's citizenship for diversity purposes can be determined only by reference to all of the entity's members.") (citations and internal quotations omitted).

31. Under 28 U.S.C. § 1332(d)(10) "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." Accordingly, a limited liability company's citizenship is the State

4855-5842-5611.1
NOTICE OF REMOVAL
Page 9

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

of its principal place of business and the State under whose laws it is organized. See *Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237 n.1 (10th Cir. 2015) (holding that an LLC's citizenship in a CAFA action is determined by its state of organization and principal place of business); *Ferrell v. Express Check Advance of S.C. LLC*, 591 F.3d 698, 702-04 (4th Cir. 2010) ("we conclude that . . . a limited liability company is an 'unincorporated association' as used in § 1332(d)(10), whose citizenship is that of the State under whose laws it is organized and the State where it has its principal place of business."); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (finding that an LLC is an unincorporated association and "in the limited context of class actions, Congress has created a statutory exception to [the traditional] rule of citizenship for unincorporated associations."); see also *Claridge v. N. Am. Power & Gas Co., LLC*, 2015 U.S. Dist. LEXIS 117693, 2015 WL 5155934, at *1-2 (S.D.N.Y. Sept. 2, 2015); *Qin v. Deslongchamps*, 2021 U.S. Dist. LEXIS 95583, at *1, n. 2, 2021 WL 1990063 (E.D. Wis. May 14, 2021); *James Green et al. v. Skyline Highland Holdings LLC et al.*, 2017 U.S. Dist. LEXIS 198553, 2017 WL 6001498 (E.D. Ark. Dec. 4, 2017).

32. Horizon Realty Advisors LLC is a limited liability company organized under the laws of Washington and with its principal place of business in Washington. Declaration of Drew Geiger ("*Geiger Decl.*"), ¶ 7; *see also* Amended Annual Report of Horizon Realty Advisors LLC, Oregon Secretary of State (filed July 8, 2021), attached as Exhibit 2 to *Geiger Decl.* Thus, under 28 U.S.C. § 1332(d)(10) and legal authority set out above, Horizon Realty Advisors LLC is a citizen of the State of Washington.

33. The members of Horizon Realty Advisors LLC are Michael Strand, Greg Beckel, Timothy Smith, Charles (Rob) Marshall and Loren Arb. *Geiger Decl.*, ¶ 9. Neither

4855-5842-5611.1
NOTICE OF REMOVAL
Page 10

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

Michael Strand, Greg Beckel, Timothy Smith, Charles (Rob) Marshall nor Loren Arb reside in Oregon or are domiciled in Oregon. *Geiger Decl.*, ¶ 10. These individuals are domiciled in and citizens of Washington. *Geiger Decl.*, ¶ 11. Accordingly, under either analysis, Defendants have established by a preponderance of the evidence that Horizon Realty Advisors LLC is not a citizen of Oregon, but a citizen of the State of Washington.

34. HRA Stadium Park LLC is a limited liability company organized under the laws of Washington and with its principal place of business in Washington. *Geiger Decl.*, ¶ 2; *see also* Amended Annual Report of HRA Stadium Park LLC, Oregon Secretary of State (filed March 3, 2021), attached as Exhibit 1 to *Geiger Decl*. Thus, under 28 U.S.C. § 1332(d)(10) and legal authority set out above, HRA Stadium Park LLC is a citizen of the State of Washington.

35. The members of HRA Stadium Park LLC are Mallard Ducks LLC, Shoreline Ducks LLC, Yates Ducks LLC, and HRA Ducks LLC. *Geiger Decl.*, ¶4. The individual members of Mallard Ducks LLC, Shoreline Ducks LLC, Yates Ducks LLC, and HRA Ducks LLC and individual members of partnerships or limited liability companies that are members of Mallard Ducks LLC, Shoreline Ducks LLC, Yates Ducks LLC, are domiciled in and citizens of Washington, California, Alaska, Utah, Colorado, Montana, and Connecticut. *Geiger Decl.*, ¶5-6.

36. The named Plaintiff is a citizen of a state different from HRA Stadium Park LLC and Horizon Realty Advisors LLC. Thus, minimal diversity exists for purposes of CAFA jurisdiction. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

/ / /

/ / /

4855-5842-5611.1
NOTICE OF REMOVAL
Page 11

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

### D. The "Local Controversy" Exception and Discretionary Jurisdiction do not Apply.

37. The "Local Controversy" exception under 28 USC § 1332(d)(4)(A) does not apply because none of the defendants are citizens of Oregon.

38. Discretionary Jurisdiction set out in 28 USC § 1332(d)(3) also does not apply because none of the defendants are citizens of Oregon.

### E. The Amount in Controversy Exceeds $5,000,000.[1]

39. CAFA requires that the amount in controversy in a class action exceed $5 million, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2). In calculating the amount in controversy, a court must aggregate the claims of all individual class members. 28 U.S.C. § 1332(d)(6).

40. A removing party seeking to invoke CAFA jurisdiction "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014). If challenged, a defendant's burden to establish the amount in controversy is by a preponderance of the evidence. *Dart Cherokee*, 574 U.S. at 82 (holding that notice of removal need only contain "'a short and plain statement of the grounds for removal'" (quoting 28 U.S.C. § 1446(a))); *see also Jordan v. Nationstar Mortg.*, LLC, 781 F.3d 1178, 1183 (9th Cir. 2015) (citing *Dart Cherokee* and noting there is no anti-removal presumption against CAFA cases).

41. A removing defendant is "not required to comb through its records to identify and calculate the exact frequency of [alleged] violations." *Oda v. Gucci Am., Inc.*, No. 2:14-cv-7468-SVW (JPRx), 2015 WL 93335, at *12 (C.D. Cal. Jan. 7, 2015). Nor is a removing

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Defendants expressly deny that Plaintiff or the putative class is entitled to any relief whatsoever, and Defendants expressly reserve the right to challenge Plaintiff's alleged damages in this case, including without limitation how Plaintiff is attempting to calculate damages under ORS 90.315(4)(b), and statute of limitation defenses.

4855-5842-5611.1
NOTICE OF REMOVAL
Page 12

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

defendant required to "research, state, [or attempt to] prove the plaintiff's claims for damages." *Sanchez v. Russell Sigler, Inc.*, No. CV 15-01350-AB (PLAx), 2015 WL 12765359, at *2 (C.D. Cal. Apr. 28, 2015).

42. In assessing whether the amount in controversy requirement has been satisfied, "a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012). In other words, the focus of the court's inquiry must be on "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Henry v. Gerber Prod. Co.*, No. 3:15-CV-02201-HZ, 2016 WL 1589900, at *3 (D. Or. Apr. 18, 2016).

43. Finally, a plaintiff cannot defeat removal by contending that the damages ultimately recoverable may fall below the $5 million threshold. *See LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (rejecting plaintiff's argument for remand based on the contention that the class may not be able to prove all amounts claimed, stating, "Plaintiffs are conflating the amount in controversy with the amount of damages ultimately recoverable").

44. Here, Plaintiff does not allege the amount in controversy in the amended complaint. In the prayer for relief, Plaintiff seeks damages under ORS 90.315(4)(b) for himself and every class member as well as attorney fees, costs, and disbursements under ORCP 32M and ORS 90.255. *Amended Complaint* ¶¶ 31-32.

45. More specifically, under ORS 90.315(4)(b), Plaintiff seeks, on behalf of himself and each of the 2,000 putative class members, one month's periodic rent for each and every month Defendants violated ORS 90.315(4)(b) for water service by (1) failing to provide

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

written bill from utility provider or make available for inspection within 30 days, (2) failing to explain manner in which the utility provider assessed charges in the rental agreement or in any bills, and (3) failing to explain the manner in which utility charges were allocated among multiple tenants. Plaintiff alleges that from April 2019 to the present, Defendants have violated the statutory provisions of ORS 90.315(4)(b). *Amended Complaint* ¶¶ 12, 14-15.

46. For purposes of calculating the amount in controversy, there are 35 months from April 2019 to the present date. As noted above, Plaintiff alleges that there are 2,000 putative class members.

47. Plaintiff's monthly rent for his residential unit at the Stadium Park Apartments was $590 as of April 1, 2019. *Geiger Decl.*, ¶ 12. On August 24, 2019, Mr. Rosenberg's monthly base rent increased to $625. *Geiger Decl.*, ¶ 13. On August 24, 2020, Mr. Rosenberg's monthly base rent increased to $629. *Geiger Decl.*, ¶14. On August 24, 2021, Mr. Rosenberg's monthly base rent remained at $629. *Geiger Decl.*, ¶15. Some members of the putative class have periodic monthly rent lower than this amount; some have periodic monthly rent higher than this amount. For purposes of approximating the amount in controversy, $590 (Plaintiff's monthly rent starting April 1, 2019), multiplied by 2,000 class members over a 35-month duration is $41,300,000.

48. From April 2019 to January 2022, the average monthly periodic rent at the Stadium Park Apartments was $549. *Geiger Decl.*, ¶ 16. From April 2019 to January 2022, the average monthly periodic rent at Stadium Park Apartments was lower than the average monthly periodic rent at Chase Courtyard, Chase Village Student Housing, Forest Hills and Grand Oaks. *Geiger Decl.*, ¶ 17. The Flats at Chase apartment complex is a new building that did not begin collecting rent until October 2020. *Geiger Decl.*, ¶ 18. From October 2020 to

4855-5842-5611.1
NOTICE OF REMOVAL
Page 14

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

the present date, the average monthly periodic rent at The Flats at Chase is higher than the average monthly periodic rent at Stadium Park Apartments. *Geiger Decl.*, ¶ 18. Accordingly, $549 (average monthly rent at the Stadium Park Apartments), multiplied by 2,000 class members over a 35-month duration is $38,430,000.

49. Under either of the calculations listed above, Defendants have satisfied the necessary standard with "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014). In fact, even assuming that the monthly rent is as low as $100, when multiplied by 2,000 class members over a 35-month duration, would total $7,000,000 and exceed the $5,000,000 requirement.

50. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for alleged violations of ORS 90.315(4)(b) and attorney fees, costs, and disbursements are far in excess of the CAFA jurisdictional requirement of $5 million. See 28 U.S.C. § 1332(d)(2).

## VI. CONCLUSION

51. By signing and filing this Notice of Removal, Defendants Horizon Realty Advisors LLC and HRA Stadium Park LLC request and consent to removal pursuant to 28 U.S.C. § 1446 and 28 U.S.C. §1453(b).

52. The Removing Defendants expressly reserve all of their rights, including, but not limited to, their rights to file motions challenging the pleadings, opposing class certification, disputing the alleged damages, and any other affirmative defenses.

/ / /

/ / /

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

WHEREFORE, Defendants Horizon Realty Advisors LLC and HRA Stadium Park LLC pray that the filing of the Notice of Removal, and the giving of written notice thereof to the Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Lane County, Oregon, shall effect removal of said suit to this Court.

DATED this 18th day of February, 2022.

LEWIS BRISBOIS BISGAARD & SMITH LLP

*s/ Dmitriy S. Golosinskiy, OSB No. 173568*
George S. Pitcher, OSB No. 963982
Dmitriy S. Golosinskiy, OSB No. 173568
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800
Fax 971.712.2801
George.Pitcher@lewisbrisbois.com
Dmitriy.Golosinskiy@lewisbrisbois.com

*Attorneys for Defendants*

4855-5842-5611.1
NOTICE OF REMOVAL
Page 16

**Lewis Brisbois Bisgaard & Smith LLP**
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801

# CERTIFICATE OF SERVICE

I certify that I served the foregoing **NOTICE OF REMOVAL** on the following attorneys by the method indicated below on the 18th day of February, 2022:

*Attorneys for Plaintiff:*

| | |
|---|---|
| Matthew G. Shepard, OSB No. 105009<br>685 Church St. NE<br>Salem, OR 97301<br>matt@mshepardlaw.com | ✓ Via First Class Mail<br>___ Via Federal Express<br>✓ Via CM/ECF<br>✓ Via E-Mail |
| Brady Mertz, OSB No. 970814<br>Brady Mertz PC<br>685 Church St. NE<br>Salem, OR 97301<br>brady@bradymertz.com | ✓ Via First Class Mail<br>___ Via Federal Express<br>✓ Via CM/ECF<br>✓ Via E-Mail |

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: *s/ Dmitriy S. Golosinskiy*
George S. Pitcher, OSB No. 963982
George.Pitcher@lewisbrisbois.com
Dmitriy S. Golosinskiy, OSB No. 173568
Dmitriy.Golosinskiy@lewisbrisbois.com
*Attorneys for Defendants*

4855-5842-5611.1
CERTIFICATE OF SERVICE
Page 1

Lewis Brisbois Bisgaard & Smith LLP
888 SW Fifth Avenue, Suite 900
Portland, Oregon 97204-2025
Telephone: 971.712.2800 • Fax 971.712.2801