IN THE CIRCUIT COURT FOR THE STATE OF OREGON
FOR THE COUNTY OF LANE

| | |
|---|---|
| ROBERT ROSENBERG, an individual,<br>    Plaintiff / Class Representative,<br><br>v.s.<br><br>HORIZON REALTY ADVISORS LLC, a Washington limited liability company, and HRA STADIUM PARK LLC, a Washington limited liability company,<br>    Defendants. | Case No.<br><br>CLASS ACTION ALLEGATION COMPLAINT (INJUNCTIVE RELIEF ONLY)<br><br>(DECLARATORY RELIEF & ORS §90.315)<br><br>JURY TRIAL DEMAND |

Plaintiff individually and on behalf of the Class and any Subclass below allege as follows:

### I.    NATURE OF THE CASE

1. This is a proposed class action. Plaintiff, on behalf of himself and all similarly-situated persons seeks relief based on certain acts of Defendants, including violations of one or more sections of ORS §90 relating to charges assessed for utility services. Concurrent with filing this Complaint for injunctive relief, Plaintiff through counsel has also provided the required 30-day notice to Defendants pursuant to ORCP 32H.

### II.    JURISDICTION AND VENUE

2. Jurisdiction is proper because the proposed Class is limited primarily to persons who are or were citizens and residents of the state of Oregon at the time of the acts and conduct at issue.

3. Venue is proper in Lane County because the subject apartment complex is located there of the five of the six of the subject apartment complexes are located there, a significant number of the Class Members reside there, and Defendants' conduct at issue occurred there in part.

### III.    THE PARTIES

4. Plaintiff / Class representative Robert Rosenberg is an individual who resides in Oregon during the time he was affected by the conduct at issue in this action. During the class

Exhibit 2  Page 1 of 9

period, he was a resident and lessee of the Stadium Park Apartments located at 90 Commons Drive, Eugene, OR 97401 ("Stadium Park Apartments")

5.      HRA Stadium Park LLC ("Stadium Park LLC") is a Washington limited liability company that owns the Stadium Park Apartments. Stadium Park LLC is an owner and landlord under ORS 90.100.

6.      Horizon Realty Advisors LLC ("Horizon LLC") is a Washington limited liability company that manages the Stadium Park Apartment for Stadium Park LLC. Horizon LLC is a landlord under ORS 90.100.

7.      In addition to the Staidum Park Apartments also manages and is a landlord under ORS 90.100 for the following apartment complexes

   a. Chase Courtyard located at 275 S Garden Way, Eugene, Lane County, Oregon.
   b. Chase Village Student Housing located at 375 Marche Chase Drive, Eugene, Lane County, Oregon.
   c. Forest Hills locaed at 3950 Goodpasture Loop, Eugene, Lane County, Oregon.
   d. The Flats at Autzen located at 3230 Kinsrow Ave, Eugene, Lane County, Oregon.
   e. Grand Oaks located at 6300 SW Grand Oaks Dr., Corvallis, Benton County, Oregon.

8.      Some or all of the owners of the apartment complexes listed in Paragraph 7 are closely held or related corporations to Horizon LLC. Horizon LLC is not a garden variety property manager who seeks contracts with unrelated owners, but who solicits investors for projects to form single entity limited liability companies to hold the real estate, and then self-manages those projects. The owners and Horizon act under a single enterprise.

### IV.     DEFENDANTS' CONDUCT

9.      During the class period, Horizon LLC, acting within the scope of its duties and authority on behalf of the Stadium Park LLC and for the owners of the apartment complexes listed in Paragraph 7, listed dwelling units in the State of Oregon for rent, leased and/or rented apartments, and charged to and collected money from Plaintiff for rent, utility charges, and fees.

Exhibit 2  Page 2 of 9

10. During the class period, Horizon LLC, acting within the scope of its duties and authority on behalf of real property investors owning property in the State of Oregon, including, but not limited to the Stadium Park LLL and the owners of the apartment complexes listed in Pargraphs 7, listed dwelling units in the State of Oregon for rent, leased and/or rented apartments or dwelling units within the apartment complexes listed in that same table to members of the Class and each Subclass, and charged to and collected money from those same members for rent, utility charges, and fees.

### A.    ILLEGAL RENTAL AGREEMENT PROVISIONS

11. During the Class period, the Defendants have included provisions in the rental agreements in violation of the Oregon Residential Landlord and Tenant Act as follows:

   a. The Defendants' rental agreements which purport to allow the Defendants to apply tenants' payments in manners that conflict which ORS 90.220(9)(a).

   b. The Defendants' rental agreements require tenants to pay for liability insurance, but fail to provide a reasonable written summary of the exceptions to this requirement as stated in ORS 90.222(8) and (9), as required by ORS 90.222(2)(a).

   c. The Defendants' rental agreements purport to allow the Defendants to charge a $50 monthly fine for a tenant's failure to comply with the Defendants' renter's liability insurance policy in violation of ORS 90.222, and ORS 90.302.

   d. The Defendants' rental agreements purport the right to charge a $200 per day holdover fee for tenants who fail to vacate timely, where no such fee is permitted under ORS 90.302 or the ORLTA.

   e. The Defendants' rental agreements claim the right to charge tenants for one hour of cleaning time, regardless as to whether any cleaning time was either necessary or actually performed in violation or ORS 90.302 and 90.300.

### B.    THE UTILITY VIOLATIONS

12. During the class period the Defendants committed the following acts and omissions:

Exhibit 2  Page 3 of 9

   a. Violated ORS 90.315(4)(b)(A) by requiring tenants to pay a monthly utility charge, but failing within 30 days after receipt of the utility providers' bill, to bill them in writing and include with that written bill either a copy of the utility providers' bill or a statement that they may inspect the utility providers' bill at a reasonable time and place and that they may obtain a copy of the utility providers' bill by making a request to the landlord during the inspection and upon payment to the landlord for the reasonable cost of making copies;

   b. Violated ORS 90.315(4)(b)(B)(i) by requiring tenants to pay a monthly utility charge, but failing to provide to them an explanation of the manner in which the utility provider assessed its charges in either the rental agreement or any bill for the utilities; and

   c. Violated ORS 90.315(4)(B)(ii) by requiring tenants to pay a monthly utility charge when the utility provider's bill to the landlord covered multiple tenants, but failing to provide to the tenants an explanation of the manner in which the charge for utility service was allocated among the tenants either in the rental agreement or any bill for the utilities; and

   d. Upon information and belief, violated ORS 90.315(4)(c) by including more than the cost of the utility or service as billed to the landlord by the utility provider. Because the Defendants have not complied with the disclosure requirements of ORS 90.315(4)(B), the Plaintiff is unable to determine whether this violation has occurred, and therefore, the undersigned attorney does not certify that the allegation in are supported by evidence.

## V.   INDIVIDUAL ALLEGATIONS

13.   Defendants' rental agreement with Plaintiff purport all of the substance alleged in Paragrah 11(a) through (e).

14.   Plaintiff has lived in the Stadium Park Apartments at all relevant times, including the entire Class Period. From April 2019 to present, Defendants have required Plaintiff to pay a

Exhibit 2  Page 4 of 9

monthly utility or service charge. Plaintiff has paid the utility bills when assessed by Defendants. The Defendants committed the acts and omissions detailed in Paragraph 12(a) through (d) of this Complaint during each month of Plaintiff's tenancy.

## CLASS ALLEGATIONS

15. Plaintiff brings this action on his own behalf, and on behalf of a Class defined as: any tenant who, as a part of a rental agreement at any property within the state of Oregon managed by defendant Horizon LLC, including, but not limited to those listed in Paragraphs 7 was required to pay a utility charge(s), but for which charge(s) defendant Horizon LLC committed some or all of the same acts and/or omissions detailed in Paragraph 12 of this Complaint.

16. The Class Period shall be defined as the period of time beginning on April 1, 2019, and continuing until such time as Defendants cease the unlawful conduct detailed in Paragraph 12 of this Complaint.

17. All classes and any subclasses shall exclude any person, firm, trust, corporation, officer, director, or other individual or entity in which one or more Defendants share a controlling interest or which is related to or affiliated with any Defendant, any current employee of any Defendant, and the legal representatives, heirs, successors-in-interest or assigns of any excluded party, and the trial judge in this matter.

18. Plaintiff and members of the Class are so numerous that joinder of all members individually, in one action or otherwise, is impractical. On information and belief, the proposed Class consists of over 2,000 members.

19. This action involves questions of law and fact common to Plaintiff and all members of the Class which include:

    a. Are the provisions alleged in Paragraph 11 enforceable?
    b. Did the Defendants provide written utility bills to the Class Members?
    c. Did Defendants make the disclosures, either including a copy of the providers' bills or making the required statement of their availability, to Plaintiff and Class

Exhibit 2  Page 5 of 9

       Members required under ORS §90.315(4)(b)(B)(i), (ii) and (C)?;

  d.  Whether ORS 90.315(4)(b)(B)(ii) requires a landlord to provide a calculable formula to allow a tenant to verify the utilities charged it, or whether a landlord may merely state any manner of allocation which does not empower the tenant to verify those charges?;

  e.  If this Complaint is amended to request damages, what is the proper amount of damages for each of the above violations?;

  f.  Are Plaintiff and the Class allowed to recover attorney fees, costs, and disbursements, and if so, what is the proper measure of each?;

  g.  How is Oregon Laws 2020 (First Special Session) Chapter 12(7) applied to the statute of limitations ORS 90.255?

  h.  What is the proper class definition relating to the Class and any Subclasses?

  i.  What is the proper class period relating to the Class and any Subclasses?

20.    Plaintiff's claims are typical of the claims of the members of the entire Class. Plaintiff's claims arise from the same events, practice, or course of conduct by each Defendant – failures to disclose information required under ORS 90.315. The legal theories asserted by Plaintiff are the same as the legal theories that will be asserted by each Class member -- injunctive relief; and violation of the same provisions of the Landlord Tenant Act (ORS §90.315).

21.    Plaintiff is willing and prepared to serve the court and proposed Class in a representative capacity with all of the required material obligations and duties. Plaintiff will fairly and adequately protect the interests of the Class, and have no interests adverse to or which directly and irrevocably conflict with the other members of the Class.

22.    Plaintiff's self-interests are co-extensive with, and not antagonistic to those of the absent Class members. Plaintiff will represent and protect the interests of the absent Class members.

23.    Plaintiff has engaged the services of the counsel listed below. Counsel are

Exhibit 2  Page 6 of 9

experienced in litigation, complex litigation, and class action cases, and will protect the rights of and otherwise effectively represent Plaintiff and absent Class members.

24. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because joinder of all parties is impracticable. The damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation makes it inefficient and ineffective for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this case as a class action.

25. The prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual members, which would establish incompatible standards of conduct for Defendants. Defendants have acted on grounds that apply generally to the Class making equitable relief appropriate to the Class as a whole.

## CLAIMS FOR RELIEF

**Injunctive Relief**

26. Defendants' misconduct detailed above, if continued, will cause ongoing economic harm to Oregon residents and citizens, is contrary to Oregon laws and public policy, and is likely to continue if not addressed by this court.

27. Plaintiff and Class Members have no plain, speedy, and adequate remedy at law.

28. A declaration that the provisions alleged in Paragraph 11 are void and unenforceable as in conflict with the Oregon Residential Landlord and Tenatn Act.

29. A permanent injunction preventing the Defendants from enforcing any of the provisions alleged in Paragraph 11.

30. Plaintiff moves this court, on behalf of himself and Class Members, for a preliminary and permanent injunction barring Defendants from engaging, within the state of Oregon, in any further conduct of the type at issue in this action, specifically as follows:

    a. Provide the Tenants explanations of the manner in which the requisite utility providers assess the charges for utility services within the rental agreement or a

Exhibit 2  Page 7 of 9

      utility bill to the tenant;

b. Provide to the Tenants an explanation of the manner in which the charge for utility services are allocated amongst the Tenants in either the rental agreement or a utility bill to the tenant;

c. Bill the Tenants in writing for water service within 30 days of each time that the Defendants receive the utility provider's bill and include with that written bill either a copy of the utility provider's bill or a statement that tenant may inspect the utility provider's bill at a reasonable time and place and that the tenant may obtain a copy of the provider's bill by making a request to the landlord during the inspection and upon payment to the landlord for the reasonable cost of making copies;

**Attorney Fees and Costs**

31.    Plaintiff and Class Members are entitled to recover their reasonable attorney fees, costs, and disbursements necessary to pursue this claim for injunctive relief from Defendants pursuant to ORCP 32M and ORS 90.255.

Exhibit 2  Page 8 of 9

**Case Management**

A. Certifying this action as a class action as set forth above, pursuant to a Motion to Certify Class to be filed by Plaintiff in this case;

B. Appointing Robert Rosenberg as Class Representative;

C. Approving counsel listed below as counsel for the Class; and

D. Reimbursement of the reasonable costs, disbursements, and litigation expenses incurred by plaintiff and the Class necessary to obtain injunctive relief, pursuant to ORCP 32M and ORS 90.255.

**Dated:** November 26, 2021.

s/ *Matthew G. Shepard*, OSB No. 105009
685 Church St. NE, Salem, OR 97301
Ph: 503-385-0121
matt@mshepardlaw.com
Of Attorneys for Plaintiff

/s *Brady Mertz*, OSB No. 970814
Brady Mertz PC
685 Church St. NE, Salem, OR 97301
Ph: 503-385-0121;
brady@bradymertz.com
Of Attorneys for Plaintiff

Exhibit 2  Page 9 of 9