IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

ROBERT ROSENBERG,

        Plaintiff,

        v.

HORIZON REALTY ADVISORS LLC
and HRA STADIUM PARK, LLC,

        Defendants.

Case No. 6:22-cv-00278-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Plaintiff Robert Rosenberg brings this putative class action against Defendants Horizon Realty Advisors and HRA Stadium Park, alleging that Defendants repeatedly violated Oregon housing laws. Notice Removal, Ex. 1, at 4, ECF No. 1 ("FAC"). Defendants move to dismiss, arguing that Plaintiff's claim related to utility charges exceeds the statutory limit for damages. Defs.' Mot. Dismiss, ECF No. 6. Because ORS 90.314(4)(f) caps damages, Defendants' Motion to Dismiss (ECF No. 6) is GRANTED. Plaintiff has 28 days to amend his complaint.

## **STANDARDS**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter that "state[s] a claim to relief that is plausible on its face." *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). The factual allegations must present more than "the

1 – OPINION AND ORDER

mere possibility of misconduct." *Id.* at 678.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the non-movant. *Burget v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000). But the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555. If the complaint is dismissed, leave to amend should be granted unless "the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

## DISCUSSION

Oregon law allows landlords to charge tenants a "utility or service charge" for utilities and services that are paid for or provided by the landlord. OR. REV. STAT. § 90.315(4)(a). Landlords who choose to charge tenants in this manner must comply with certain notice and accounting requirements. *See* OR. REV. STAT. § 90.315(4)(b). If a landlord charges a utility charge but fails to comply with those requirements, tenants may recover "an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." OR. REV. STAT. § 90.315(4)(f).

Plaintiff alleges multiple violations of ORS 90.315(4)(b), over the course of many months. FAC 3–4. Plaintiff's complaint asks for "[o]ne month's periodic rent for each and every month that the Defendants charged a utility service charge, but violated ORS 90.315(4)(b) . . . ." FAC 8. Defendant argues that the statutory scheme caps damages to one month's rent or twice actual damages, whichever is greater. Defs.' Mot Dismiss 5–11. The Court agrees.

Neither the Oregon Supreme Court nor the Oregon Court of Appeals have addressed this issue. In the absence of binding authority, the Court interprets the statute according to state law,

looking first at the text and the context of the statutory scheme. *State v. Gaines*, 206 P.3d 1042, 1050 (Or. 2009). The Court must not "insert what has been omitted, or . . . omit what has been inserted." OR. REV. STAT. § 174.010. Further, the interpretation should "give effect to all [provisions]." *Id*.

ORS 90.315(4)(f) reads: "If a landlord fails to comply with paragraph (a), (b), (c) or (d) of this subsection, the tenant may recover from the landlord an amount equal to one month's periodic rent or twice the amount wrongfully charged to the tenant, whichever is greater." The Court does not find this language to be ambiguous, especially in the context of the entire statutory scheme.[1] The statute creates a cause of action for violations of ORS 90.315(4). An aggrieved tenant is entitled to damages in the amount of one month's rent or twice the actual damages, regardless of the number of violations.

Plaintiff asks the Court to insert "for each and every month" into the damages provision. Pl.'s Resp. 2, ECF No. 7; FAC ¶ 31. This goes against the maxims of statutory interpretation. *See* OR. REV. STAT. § 174.010. Additionally, if the statute were construed as Plaintiff suggests, it is difficult to imagine a situation in which the double damages provision would be applicable – a tenant would need to be overcharged for utilities by more than half their rent in a single month.

The Court's interpretation also aligns with the legislative intent. The one month's rent provision is sufficient to ensure that landlords comply with the law and provides a remedy to tenants whose rights have been violated but who suffered no actual damages. For violations with actual damages, the double damages provision ensures that tenants are adequately compensated

---

[1] The Court acknowledges that Oregon circuit courts have considered this issue and come out on both sides. *See Cidone v. Pinnacle Property Management Services*, LLC No. 3:20-CV-0133-AC, 2021 WL 2792322 at *7 (D. Or. Sept. 10, 2021) (citing cases). However, this does not necessarily mean that the statute is ambiguous. *See Richardson v. Nw. Christian Univ.*, 242 F.Supp. 3d 1132, 1151 n 8 (D. Or. 2017) (citing *Rosmer v. Pfizer Inc.*, 263 F.3d 110, 118 (4th Cir. 2001)).

3 – OPINION AND ORDER

while still providing a deterrent to landlords who violate the statute.

Because the statute does not allow for the damages Plaintiff alleges, Plaintiff's claim is dismissed with leave to amend.

## **CONCLUSION**

Defendant's Motion to Dismiss, ECF No. 11, is GRANTED. Plaintiff has 28 days to amend his complaint.

IT IS SO ORDERED.

DATED this 21st day of June, 2022.

_____/s Michael McShane_____
Michael J. McShane
United States District Judge