UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT ROSENBERG, an individual, Plaintiff / Class Representative,<br><br>    Plaintiff,<br><br>  vs.<br><br>HORIZON REALTY ADVISORS LLC, a Washington limited liability company, and HRA STADIUM PARK LLC, a Washington limited liability company,<br><br>    Defendants. | Case No. 6:22-cv-00278-MC<br><br>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

## ORDER GRANTING MOTION FOR
## PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Class Counsel has filed with the Court a Motion for Preliminary Approval of Class Action Settlement (the "Motion"), seeking an Order (the "Preliminary Approval Order") preliminarily approving the proposed Settlement Agreement and ordering that notice be given to the proposed class in accordance with the Class Notice procedures set forth in the Settlement Agreement.

Based on the consent of the Parties, and after review and consideration of the Motion, the Settlement Agreement and the exhibits attached thereto, and the related submissions in this Action,

IT IS HEREBY ORDERED that:

1. The Court, for purposes of this Preliminary Approval Order, adopts all defined terms set forth in the Settlement Agreement, and incorporates them herein by reference as if fully set forth herein and having the full force and effect of an Order of this Court.

2.      The Court has jurisdiction over the subject matter of the litigation, the Parties, and all Settlement Class Members.

3.      The Court has conducted a preliminary evaluation of the Settlement Agreement for fairness, adequacy, and reasonableness. Based on that evaluation, the Court finds there is cause to believe that: (i) the Settlement Agreement is fair, reasonable, and adequate, and within the range of possible approval; (ii) the Settlement Agreement has been negotiated in good faith and at arm's-length between experienced attorneys familiar with the legal and factual issues of this case; and (iii) with respect to the forms of notice of the material terms of the Settlement Agreement to Settlement Class Members for their consideration and reaction, that notice is appropriate and warranted. Therefore, the Court grants preliminary approval of the Settlement Agreement.

4.      Pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Court conditionally certifies, for purposes of this settlement only, the following Settlement Class: All persons listed as a "Lessee" on a rental agreement for a dwelling unit within any Oregon apartment complex managed by Horizon Realty Advisors and which rental agreement required the payment of a utility charge from April 1, 2019 to September 30, 2022 (the "Class Period.")

(a)      Excluded from the Settlement Class are: (i) Defendants; (ii) any person who was an officer, director, or partner of Defendants during the Class Period and any members of their immediate family; (iii) any parent, subsidiary, or affiliate of Defendants; (v) any firm, trust, corporation, or other entity in which Defendants or any other excluded person or entity has, or had during the Class Period, a controlling interest; (vi) the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded persons or entities; and (vii) the Judge or Magistrate Judge to whom the Action is assigned and any member of those Judges' staffs or immediate family members.

PRELIMINARY APPROVAL ORDER                                            Page 2

5.      The Court appoints Brady Mertz PC, and Matthew G. Shepard Law as Class Counsel for purposes of this settlement only.

6.      The Court hereby appoints Robert Rosenberg as Lead Plaintiff of the Settlement Class for purposes of this settlement only.

7.      The Court approves, as to form and content, the proposed Class Notice procedures for giving notice to the Settlement Class Members.

8.      On October 25, 2023, at 10:00AM in Eugene Courthouse in Courtroom 2 before Judge Michael J. McShane, this Court will hold a Final Approval Hearing to rule on any timely objection filed by a Settlement Class Member, final approval of the Settlement Agreement, and issuance of the final dismissal of the Action ("Final Approval Order and Judgment").

9.      Lead Plaintiff and Settlement Class Members are hereby enjoined from prosecuting any claim in the Action and from filing actions or proceedings against Defendants related to the Action.

10.      The Settlement Agreement, its exhibits, and any and all other documents and evidence related to the Settlement Agreement shall not be offered or admitted into evidence and the Settlement Agreement shall not be or referred to in any way (orally or in writing) in any action, arbitration, or other proceedings, except as allowed by Rule 408 of the Federal Rules of Evidence, and other equivalent rules of evidence, and specifically excepting this Action and/or a proceeding involving an effort to enforce the Settlement Agreement.

11.      The Settlement Agreement shall have no precedential, collateral estoppel, or *res judicata* effect upon the Defendants, Lead Plaintiff, or the Settlement Class Members in any matter or proceeding other than: (a) this Action and/or (b) a proceeding involving an effort to enforce the Settlement Agreement.

12. The Settlement Claims Administrator shall prepare a declaration attesting that the Class Notice requirements of the Settlement Agreement have been completed in accordance with the terms of this Preliminary Approval Order. Such declaration shall be provided to Class Counsel and Defendants' Counsel and filed with the Court no later than seven (7) days prior to the Final Approval Hearing.

13. Settlement Class Members who wish to either object to the Settlement Agreement or request to be excluded from it must do so by the Opt-Out Deadline of July 10, 2023, which is one hundred and eighty (180) days after the Effective Date of the Settlement Agreement. Settlement Class Members may not both object and opt out. If a Settlement Class Member submits both a Request for Exclusion and an objection, the Request for Exclusion will be controlling.

14. Only Settlement Class Members who have not previously and timely excluded themselves from the class shall be entitled to object to the approval of the Settlement Agreement or to the Final Approval Order and General Judgment of Dismissal to be entered under the Settlement Agreement.

15. To submit a Request for Exclusion, Settlement Class Members must follow the directions in the Class Notice and send a compliant request to the Settlement Claims Administrator at the address designated in the Class Notice by the Opt-Out Deadline. Any Request for Exclusion must be in written form, by first class mail, postage prepaid, and postmarked to the address of the Settlement Claims Administrator as specified in the Class Notice. Such Request for Exclusion shall clearly indicate the name, address, and telephone number of the person; must be signed by such person; and shall state that the Settlement Class Member excludes themselves from the Settlement Agreement. No Request for Exclusion will be valid unless all of the information described above is included. No Settlement Class Member, or any person acting on behalf of or in

concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

16.     If a timely and valid Request for Exclusion is made by a member of the Settlement Class, then that person will not be a Settlement Class Member, and the Settlement Agreement and any determinations and judgments concerning it will not bind the excluded person.

17.     All Settlement Class Members who do not opt out in accordance with the terms set forth in the Settlement Agreement will be bound by all determinations and judgments concerning the Settlement Agreement.

18.     To object to the Settlement Agreement, Settlement Class Members must file a written objection with the Court by the Opt-Out Deadline.

(a)     In the written objection, the Settlement Class Member must state his or her full name, address, and telephone number, and must state the reasons for his, her or its objection, and whether he, she or it intends to appear at the Final Approval Hearing on his, her or its own behalf or through counsel. Any documents supporting the objection must also be attached to the objection.

(b)     The right to object to the Settlement Agreement must be exercised individually by an individual Settlement Class Member, not by the act of another person acting or purporting to act in a representative capacity.

(c)     The Parties will have the right to depose or seek discovery from any objector to assess whether the objector has standing and/or whether the objection has merit.

(d)     No Objection will be valid unless all of the information described above is included.

PRELIMINARY APPROVAL ORDER                                      Page 5

19.     Any Settlement Class Member who has timely filed an objection may appear at the Final Approval Hearing, either in person or through an attorney hired at the Settlement Class Member's own expense, to object to the fairness, reasonableness, or adequacy of the Settlement Agreement.

20.     No Settlement Class Member shall be entitled to contest in any way the approval of the terms and provisions of the Settlement Agreement or the Final Approval Order and General Judgment of Dismissal to be entered except by filing and serving written objections in accordance with the Settlement Agreement and Class Notice.

21.     Neither the Settlement Agreement nor any term or provision contained in the Settlement Agreement, nor any negotiations, statements or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession of the Lead Plaintiff, any Settlement Class Member, Defendants, or any related party of any liability or wrongdoing by them, or any of them, and shall not be offered or received into evidence in any action or proceeding or be used in any way as an admission, concession, or evidence of any liability or wrongdoing of any nature, and shall not be construed as, or deemed to be evidence of, an admission or concession that Lead Plaintiff, any Settlement Class Member, or any other person has or has not suffered any damage.

22.     Pending the final determination of whether the Settlement Agreement should be approved, all members of the Settlement Class are hereby enjoined from filing any class action, or attempting to amend an existing action to assert any claims which would be released pursuant to the Settlement Agreement. If the Settlement Agreement is terminated or final approval does not for any reason occur, the stay will be immediately terminated. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and all

proceedings in connection with the settlement will be without prejudice to the right of Defendants or the Lead Plaintiff to assert any right or position that could have been asserted if the Settlement Agreement had never been reached or proposed to the Court. In such an event, the Parties will return to the status quo ante in the Action and the certification of the Settlement Class will be deemed vacated. The certification of the Settlement Class for settlement purposes, or any briefing or materials submitted seeking certification of the Settlement Class, will not be considered in connection with any subsequent class certification decision.

23.     Pursuant to the Settlement Agreement, the Angeion Group is hereby appointed as the Settlement Claims Administrator and shall be required to perform all the duties of the Settlement Claims Administrator as set forth in the Settlement Agreement and this Preliminary Approval Order.

24.     Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement Agreement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice, and other exhibits that they jointly agree are reasonable and necessary. The Court reserves the right to approve the Settlement Agreement with such modifications, if any, as may be agreed to by the Parties without further notice to the members of the Settlement Class.

SO ORDERED.

DATED: January 19, 2023.

___S/Michael J. McShane_____

MICHAEL J. McSHANE
UNITED STATES DISTRICT COURT