**Matthew Shepard, OSB #105009**
Law Office of Matthew G. Shepard
685 Church St NE, Salem, OR 97301
Telephone: (503) 385-0121
matt@mshepardlaw.com

**Brady Mertz, OSB #970814**
Brady Mertz, PC
685 Church St NE, Salem, OR 97301
Telephone: (503) 385-0121
brady@bradymertz.com

*Attorneys for Plaintiff Robert Rosenberg*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT ROSENBERG, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>HORIZON REALTY ADVISORS LLC, a Washington limited liability company, and HRA STADIUM PARK LLC, a Washington limited liability company,<br><br>Defendants. | CASE NO. 6:22-cv-00278-MC<br><br>PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

**I.    LOCAL RULES CERTIFICATION**

Pursuant to LR 7-1, Defendants do not oppose the relief sought in this Motion. The legal memorandum also complies with the word count limitation under 7-2(b) and 54-1(e) because it contains fewer than 3,000 words.

**II.    MOTION**

Plaintiff moves this Court for an Order:

a) Granting final approval of the Settlement Agreement (ECF No. 21-1), including the Release of Claims and distribution of the Total Settlement Amount contained therein;

PAGE 1 -    PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM FOR FINAL
            APPROVAL OF CLASS ACTION SETTLEMENT

    b) Awarding Class Counsel's attorneys' fees and costs, as set forth in the Settlement Agreement and supported by Plaintiff's Motion for Attorneys' Fees and Costs, filed separately on July 28, 2023 (ECF No. 28);

    c) Dismissing the Action with prejudice, with the Court retaining jurisdiction solely for purposes of enforcing the Settlement Agreement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate.

This Motion is supported by the declaration Omeikiea Lorenzano.

### III. MEMORANDUM IN SUPPORT OF MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

#### A. Introduction.

Plaintiff Robert Rosenberg filed this action individually, as well as on behalf of a proposed class regarding alleged violations of the Oregon Residential Landlord and Tenant Act. On January 19, 2023, the Court granted Plaintiff's Motion for Preliminary Approval, concluding that the Settlement Agreement is, "fair, reasonable, and adequate, and within the range of possible approval." (ECF No. 24). Therefore, as ordered by the Court, Angeion Group, (the "Settlement Administrator") issued the CAFA notice consistent with 28 U.S.C. § 1715, and provided notice to the Settlement Class Members consistent with the terms of the Settlement Agreement and this Court's Preliminary Approval Order. *Lorenzano Dec.* ¶ 4-11.

The last day for Settlement Class Members to exclude themselves or to make an objection was August 28, 2023. In response to the Class Notice, only a single Settlement Class Member excluded herself, and not a single Settlement Class Member made any objection. The Settlement Class's overwhelming acceptance of the Settlement Agreement reflects the reasonableness and adequacy of the negotiated recovery and strongly supports final approval of the Settlement Agreement. Plaintiff accordingly requests such final approval so that the action may be resolved

and the recovery distributed appropriately.

### B. The Pleadings and the Litigation.

On behalf of himself and similarly situated tenants, Plaintiff alleged that his landlord, HRA Stadium Park LLC ("Stadium Park"), and his landlord's property manager, Horizon Realty Advisors LLC ("Horizon"), violated Oregon's utility billing statute, ORS 90.315(4)(b).

Plaintiff sought statutory damages of "one month's periodic rent" for each of the alleged violations of ORS 90.315(4)(b). Defendants denied Plaintiff's allegations and contested his requests for relief.

Defendants moved to dismiss to limit recovery of statutory damages under ORS 90.315(4)(f) to a single month's rent or twice the amount wrongfully charged no matter how many utility violations occurred in a given month or the number of months during which violations occurred (ECF No. 6). Plaintiff opposed these motions. The Court granted the motion, limiting Plaintiff's, and any putative Class Member's, damages to a single month's rent (ECF No. 15).

After receiving these rulings, the parties hired an experienced mediator, and with his assistance, agreed to settle this action, including by certifying a class for settlement purposes. Plaintiff moved for preliminary approval of the Settlement Agreement and certification of a Settlement Class on January 13, 2023 (ECF No. 21). Under the proposed settlement, in exchange for a release of claims, Defendants agreed to pay $2,400,000, inclusive of attorney fees, class counsel's costs, and a class representative award. In addition, Defendants separately agreed to pay as much as $100,000 to the Administrator for settlement administration expenses ("Initial Costs of Settlement"), including for the provisions of notice to the Settlement Class Members, handling Settlement Class Member inquiries, and calculating and distributing payments.

The Court preliminarily approved the proposed settlement on January 19, 2023 (ECF No.

24), finding that it appeared to be "fair, reasonable, and adequate, and within the range of possible approval." The Court also conditionally certified the proposed class and approved the form, content, and method of delivering notice to the class.

### C.     Terms of the Settlement.

Defendants agreed to pay $2,400,000 to resolve this action. This amount (the "Total Settlement Fund") includes (1) a service award of $10,000 for the Class Representative; (2) Class Counsel's attorney fees and expenses of $600,000 (equal to 25% of the Total Settlement Fund); (3) the costs of administration beyond the Initial Costs of Settlement, if any; and (4) the remainder (the "Net Settlement Payment") direct payments of the remaining amount to Settlement Class Members. The Settlement Administrator has confirmed that the costs of administering the settlement will not exceed the originally estimated Initial Costs of Settlement. Therefore, the Net Settlement Fund, comprising the payments to Settlement Class Members will not be further reduced.

The terms of the Settlement Agreement do not require that Settlement Class Members make any claim in order to receive a recovery. Each Settlement Class Member's recovery has been calculated to be proportionate to that member's individual claim. The approximate mean individual Settlement Class Member recovery is $205.81, and the approximate median individual Settlement Class Member recovery is approximately $161.72.

Settlement Class Members will have 180 days to cash their checks. If any checks are uncashed and if it is economically feasible, the Settlement Administrator will redistribute the uncashed shares to those Settlement Class Members who did cash their shares. Any remaining amounts after a potential second distribution will be donated to legal aid. None of the Total Settlement Fund shall revert to Defendants.

The Settlement Administrator was successful in sending notice to 97.6% of the class members by either first class mail or e-mail. *See Lorenzano* ¶ 7-11. No class members filed any objections, whether timely or tardy, and a single invalid exclusion attempt was sent to the court. This positive response to the Settlement Agreement from the Settlement Class Members is compelling evidence of its fairness and confirms that this Court should approve the Settlement Agreement and enter final judgment.

Based on this strong record indicating fairness, Plaintiff respectfully requests that the Court issue final approval of the class action Settlement Agreement.

### D.     The Release Is Limited to Utility Claims.

Upon final approval of the Settlement Agreement, and in exchange for payment of the Total Settlement Fund, the Settlement Class Members will release Defendants from claims asserted in the pleadings, or which could have been asserted, and which relate to utility billing practices during the class period of April 1, 2019 to September 30, 2022, inclusive. Therefore, the release is reasonably limited in scope, both as to the subject matter and time period.

The fact the release only encompasses claims that are based on the same factual predicate as the underlying claims, and does not release unrelated claims, further establishes the fairness of the Settlement Agreement. See *Hesse v. Spring Corp.*, 598 F.3d 581, 590 (9th Cir. 2010).

### E.     The Settlement Administrator Successfully Notified the Class and Received No Objections.

The Settlement Administrator successfully sent the Class Notice to 97.6% of the class members as follows. Defendants provided the Settlement Administrator a Class Member List, which included names, and mailing addresses for the Settlement Class Members. *Lorenzano Dec.* ¶ 5. The Settlement Administrator reviewed this list, and on June 28, 2023, mailed the Class Notice to 8,697 Settlement Class Members records. The Settlement Administrator received 2,726 of the

Class Notices returned as undeliverable. It then ran the names of those Settlement Class Members whose Class Notice was returned through address verification searches, and was able to locate 1,753 updated mailing addresses with the United States Postal Service, to which the Settlement Administrator mailed a second copy of the Class Notice. Therefore, 89% (i.e. 7,724 of 8,697) of the Settlement Class Members were successfully sent the Class Notice by mail. Of the remaining 973 class members unreached by mail, the Settlement Administrator was able to successfully transmit the Class Notice by e-mail to 769 class members. Therefore, only 2.3% (i.e. 204 of 8,697) of the class member records were unable to be directly reached with the class notice. *See Lorenzano Dec.* ¶ 7-11. Moreover, actual notice to the class members was likely even higher than 97.6% because the claims of this lawsuit originate out of tenancies, which often have more than one tenant. Thus, it is likely that some class members who may not have received the Class Notice directly from the administrator would have learned of the settlement by communications with their former roommates who are also settlement class members, but who were successfully reached.

F.   **No Class Members Validly Excluded Themselves from the Settlement.**

Under the terms of the Preliminary Approval Order and the Settlement Agreement, in order to opt out of the Settlement, a Class Member was required to submit a request for exclusion in written form which includes the following:

- A heading referring to the Case Number 6:22-CV-00278-MC, pending before the United States District Court for the District of Oregon and entitled "*Rosenberg v. Horizon Realty Advisors, LLC et al.*";
- The Class Member's name and address;
- A clear statement that you wish to be excluded from the Settlement Class; and
- The Class Member's signature.

PAGE 6 -   PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Valid requests for exclusion were required to have been sent to the Settlement Administrator in writing and postmarked no later than August 28, 2023. (ECF Nos. 24 ¶ 13). Class members were informed of these requirements in the Class Notice as well as the "FAQs" page on class website.

No Settlement Class Member sent a request for exclusion to the Settlement Administrator. *Lorenzano Dec.* ¶ 15. However, on August 30, 2023, Kendra A. Nateras filed ECF No. 32 with the Court, which states, "I, Kendra Nateras, wish to be excluded from the Settlement Class included in this pending case Rosenberg vs Horizon Realty Advisors and those included." The parties do not know whether this document was mailed to the court, and if so what the postmark date was, although the date of "8/25/2023" was printed on the document. Nevertheless, because the document was not sent to the Settlement Administrator, it is not a valid request for exclusion.

### G.     Final Approval Is Appropriate.

The Court previously found that the proposed settlement was "fair, reasonable, and adequate, and within the range of possible approval." (ECF No. 24). Final approval of the Settlement Agreement is appropriate because nothing material has changed since the Court granted preliminary approval, and after being provided notice of the settlement, the Settlement Class Members' response has been positive, with no objections and only a single request for exclusion being made.

A strong judicial policy favors settlement of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). The Ninth Circuit "has long deferred to the private consensual decision of the parties" regarding the amount of settlement and "put[s] a good deal of stock in the product of an arms-length non-collusive negotiated resolution." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). The approval decision is committed to this Court's sound

discretion, and it will not be overturned except upon a strong showing of clear abuse of discretion. *Id*. at 1026-27. Therefore, Plaintiff incorporates all the reasons stated in its Motion for Preliminary Approval of Class Action Settlement (ECF No. 21) in support of final approval.

Plaintiff also incorporates Plaintiff's previously filed Unopposed Motion for Approval of Class Counsel Attorney Fees and Costs (ECF No. 28) as well as the briefing and supporting declarations (ECF Nos. 29-31) filed in support thereof as if fully set forth herein. Those materials were timely filed, and no Settlement Class Member objected. That further supports the fairness of the terms of this Settlement Agreement.

**H.     Conclusion.**

For all the reasons stated herein, Plaintiff respectfully requests the Court to enter an Order:

a) Granting final approval of the Settlement Agreement (ECF No 21-1), including the Release of Claims and distribution of the Total Settlement Fund as set forth in that Settlement Agreement;

b) Awarding Class Counsel's attorneys' fees and expenses as set forth in the Settlement Agreement and supported by Plaintiff's Unopposed Motion for Attorneys' Fees and Costs (ECF No. 28), filed separately; and

c) Dismissing this action with prejudice, with the Court retaining jurisdiction solely for purposes of enforcing the Settlement Agreement, addressing settlement administration matters, and addressing such post-Judgment matters as may be appropriate.

DATED: October 18, 2023.    */s/ Matthew G. Shepard,* OSB 105009
685 Church St. NE, Salem, OR 97301
Telephone: 503-385-0121
matt@mshepardlaw.com

*Of Attorneys for Plaintiff*

PAGE 8 -    PLAINTIFF'S UNOPPOSED MOTION AND MEMORANDUM FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

## CERTIFICATE OF SERVICE

      I hereby certify that, on October 18, 2023, this document was filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the docket, and that paper copies will be sent by U.S. mail, postage prepaid, to anyone indicated as non-registered participants.

DATED: October 18, 2023.

/s/ *Matthew G. Shepard*, OSB No. 105009
685 Church St. NE, Salem, OR 97301
Tel: 503-385-0121; matt@mshepardlaw.com
Of Attorneys for Plaintiff