UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| ROBERT ROSENBERG, an individual, Plaintiff /Class Representative,<br><br>Plaintiff,<br><br>vs.<br><br>HORIZON REALTY ADVISORS LLC, a Washington limited liability company, and HRA STADIUM PARK LLC, a Washington limited liability company,<br><br>Defendants. | Case No. 6:22-cv-00278-MC<br><br>ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

**ORDER GRANTING MOTION FOR**
**FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

The Court having reviewed the Motion for Final Approval and supporting declaration, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order: (1) Preliminarily Approving Class Action Settlement, (2) Approving Notice Plan, and (3) Setting Final Approval Hearing ("Preliminary Approval Order"), and having considered all matters submitted to it and otherwise, and finding no just reason for delay in order of this dismissal and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The Settlement Agreement dated November 23, 2023, ECF No. 21-1, including its exhibits (the "Settlement Agreement"), and the definition of words and terms contained therein are incorporated by reference in this Order. The terms of this Court's Preliminary Approval Order, ECF No. 24, are also incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class:

> All persons listed as a "Lessee" on a rental agreement for a dwelling unit within any Oregon apartment complex managed by Horizon Realty Advisors and which rental agreement required the payment of a utility charge from April 1, 2019 to September 30, 2022 (the "Class Period.")

3. The Court hereby finds that the Settlement Agreement is the product of arm's- length settlement negotiations between Lead Plaintiff and Class Counsel, and Defendants Horizon Realty Advisors, LLC ("Horizon Realty Advisors"), HRA Stadium Park, LLC (collectively, the "Defendants") and its counsel.

4. The Court finds that the Parties and their attorneys have complied with the requirements of Federal Rule of Civil Procedure 11 throughout the Action.

5. This Court finds that this matter meets the applicable prerequisites for class action treatment under Rule 23, namely:

(a) The class members are so numerous that joinder of all of them is impracticable;

(b) There are questions of law and fact common to the class members, which predominate over any individual questions;

(c) Lead Plaintiff's claims are typical of the class members' claims;

(d) Lead Plaintiff and Class Counsel have fairly and adequately represented and

protected the interests of all class members; and

(e) Class treatment of Lead Plaintiff's claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in the Settlement Agreement and that Class Notice and its dissemination were in compliance with this Court's Preliminary Approval Order.

7. The Court further finds and concludes that the Class Notice and notice procedures set forth in the Settlement Agreement fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided individual notice to all Settlement Class Members who could be identified through reasonable effort, and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

8. The Court hereby finally approves the Settlement Agreement and the Settlement contemplated thereby, and finds that the terms constitute, in all respects, a fair, reasonable, and adequate settlement as to all Settlement Class Members in accordance with Rule 23 of the Federal Rules of Civil Procedure, and directs its consummation pursuant to its terms and conditions. Each Settlement Class Member is hereby bound by the Settlement Agreement.

9. The Court hereby finds that the Settlement Class Members have been adequately represented by the Lead Plaintiff and Class Counsel.

10. This Court hereby dismisses, with prejudice and without leave to amend and without costs to any party, the Action and all claims against Defendants in the Action.

11. Lead Plaintiff and each and every one of the Settlement Class Members, as well as their respective assigns, heirs, executors, administrators, successors, representatives, agents, partners, attorneys, and predecessors-in-interest fully and finally release, resolve, relinquish and forever discharge each and every one of the Released Parties from each of the Released Claims. The Lead Plaintiff and the Settlement Class Members further agree that they will not institute any action or cause of action (in law, in equity or administratively), suits, debts, liens, or claims, known or unknown, fixed or contingent, which they may have or claim to have, in state or federal court, in arbitration, or with any state, federal or local government agency or with any administrative or advisory body, arising from or related in any way to the Released Claims. This release shall be interpreted and applied to the fullest extent of res judicata principles. This permanent bar and injunction on Released Claims for the Released Parties is necessary to protect and effectuate the Settlement Agreement, this Order, and this Court's authority to effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

12. The Settlement Agreement (including, without limitation, its exhibits), and any and all negotiations, documents, and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendants, or of the truth of any of the claims asserted by Lead Plaintiff in the Action. Further, the Settlement Agreement and any and all negotiations, documents, and discussions associated with it, will not be deemed or construed to be an admission by Defendants that the Action is properly brought on a class or representative basis, or that classes may be certified for any purpose. To this end, the settlement of the Action, the negotiation and execution of the Settlement Agreement, and all acts performed or documents executed pursuant to or related to the Settlement Agreement: (i) are not and will not be deemed to be, and may not be

used as, an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the allegations in the Action; (ii) are not and will not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of Defendants in any civil, criminal, or administrative proceeding in any court, arbitration forum, administrative agency, or other tribunal; and (iii) are not and will not be deemed to be and may not be used as an admission of the appropriateness of these or similar claims for class certification. Further, evidence relating to the Settlement Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Settlement Agreement, the Preliminary Approval Order, and/or this Order.

13. If for any reason the Settlement terminates, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes or any briefing or materials submitted seeking certification of the Settlement Class shall not be considered in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

14. In the event that any provision of the Settlement or this Order is asserted by Defendants as a defense in whole or in part (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so

under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Settlement Agreement, this Order and this Court's authority to effectuate the Settlement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

15. The Court approves the Class Representative Incentive Award and Class Counsel's Fees and Expenses in the amounts moved for in Plaintiff's Unopposed Motion for Attorney Fees and Costs, ECF No. 28.

16. Finding that there is no just reason for delay, the Clerk of the Court is directed to enter this Order on the docket and it shall serve as final judgment pursuant to Rule 54(b) forthwith.

17. The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement.

SO ORDERED.

DATED: October 24, 2023.

                                                s/Michael J. McShane
                                                MICHAEL J. McSHANE
                                                UNITED STATES DISTRICT COURT